**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **AMERICAN HOTEL REGISTER** | : | **Case No. 1:07CV709** |
| **COMPANY,** | : | |
| | : | |
| **Plaintiff,** | : | **JUDGE O'MALLEY** |
| | : | |
| **v.** | : | |
| | : | |
| **AMERICAN SALES BROKERAGE** | : | **OPINION AND ORDER** |
| **COMPANY et al.,** | : | |
| | : | |
| **Defendants.** | : | |

On November 19, 2007, the Court conducted an on-the-record hearing with regard to three

pending motions (Docs. 25, 26 and 29).  At that hearing, the Court orally ruled on these motions.

This order further articulates the Court's rulings, and is to be read in conjunction with the Court's

comments at the November 19, 2007 hearing.  The following motions are resolved as follows:

- *Defendants' Motion for Leave to File Answer to the First Amended Complaint*
  *Instanter* ("Motion for Leave to Answer") (Doc. 25) is **DENIED**;

- *Defendants' Motion for Relief from Default Pursuant to Civ.R. 55 and Response to*
  *Motion to Show Cause* ("Motion for Relief") (Doc. 26) is **DENIED**; and

- *Motion to Withdraw* (Doc. 29) as counsel for Defendants filed by Roth Bierman LLP
  (and its attorneys) is **GRANTED**.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

In sum, on March 12, 2007, the Plaintiff, American Hotel Register Company ("Plaintiff"),

filed a complaint against Defendants, American Sales Brokerage Company (d/b/a American Sales

Company) and Shahnaz Ali (collectively, "Defendants"), asserting claims of unfair competition

under federal and state law, tortious interference and unjust enrichment.  Doc. 1.  The Plaintiff's

complaint alleges that the Defendants made false and misleading statements that deceived the

Plaintiff's customers and/or prospective customers into believing that the Defendants' business

activities are sponsored by or associated with the Plaintiff's business and refused to cease and desist

such activity despite requests from the Plaintiff that they do so.

On March 13, 2007, the Plaintiff filed a motion for a temporary restraining order ("TRO").

Doc. 3.  Following a hearing two days later, the Court issued an *Agreed Temporary Restraining

Order*.  Doc. 9.  At that point, the attorney who had agreed to represent the Defendants only for

purposes of the TRO proceedings refused to continue to act as counsel of record, citing difficulties

in obtaining cooperation from his temporary clients.

In addition, the Plaintiff filed a motion for a preliminary injunction seeking to prevent the

Defendants from representing themselves as an affiliate of the Plaintiff.  Ultimately, the parties

entered into an *Agreed Preliminary Injunction* on March 29, 2007.  Doc. 13.  Subsequently, the

Defendants' new counsel, Neil S. Sarkar, sought to withdraw as counsel because the Defendants

"stopped communicating" with him.  Doc. 14.

On April 16, 2007, the Plaintiff filed a motion for an order requiring the Defendants to show

cause why they should not be held in contempt and requesting a hearing.  Doc. 17.  The Plaintiff's

motion to show cause alleged that the Defendants failed to comply with the *Agreed Preliminary

Injunction*.  On April 19, 2007, the Court granted Mr. Sarkar's motion to withdraw as counsel,

granted the Plaintiff's motion to show cause and set a Show Cause Hearing for May 1, 2007.

While the Plaintiff attended the May 1ˢᵗ Show Cause Hearing, the Defendants did not.

Accordingly, and because the Defendants had not yet answered the Plaintiff's complaint, on May 3,

2007, the Court issued an order directing the clerk of courts to enter default against the Defendants. Doc. 22.  In addition, the Court cautioned that it would enter default judgment against the Defendants (without further notice), and that the Defendants could be held in civil contempt, unless they showed cause (within ten days of the Court's order) why the Court should not do so.  Default was entered on May 5, 2007.

### A.     Defendants Seek to Evade Default.

On May 17, 2007, the Defendants filed their Motion for Relief (Doc. 26) and Motion for Leave to Answer (Doc. 25) in an attempt to reverse the entry of default, and ultimately to evade entry of default judgment.  The Plaintiff filed an opposition (Doc. 27), and the Defendants filed a reply (Doc. 28).  In sum, the Defendants argue in their Motion for Relief that default should not be entered against them because they had taken steps in good faith to comply with the Court's May 3, 2007 order.  Doc. 26 at p. 3.

In support of their motions, the Defendants filed an affidavit purportedly executed by individual Defendant, Shahnaz Ali.  Through this affidavit, the Defendants sought to establish that they have:  (1) posted a notice on their website informing visitors that they are not affiliated with the Plaintiff; (2) provided the Plaintiff with a customer list; and (3) paid the Plaintiff's attorneys fees in the amount of $8,000.00.  *See* Doc. 26-2.  In other words, the principle evidentiary submission in support of the Defendants' argument that they have sought to comply with the Court's orders in good faith is the affidavit filed at Docket No. 26-2.

Thereafter, on August 29, 2007, the counsel who had filed these motions on behalf of the Defendants (their third counsel in these proceedings) filed a motion to withdraw.  Again, that motion was premised, among other things, upon the Defendants' failure to cooperate with counsel.

In response to all of these motions, the Court scheduled a hearing on all pending motions for November 19, 2007.  Among other things, the Court's scheduling order directed Defendant Shahnaz Ali (the sole purported shareholder and proprietor of the corporation Defendant) to appear in person.

**B.      New Facts Are Revealed At The November 19, 2007 Hearing.**

On November, 19, 2007, the aforementioned hearing commenced.  Present at the hearing were attorneys Robert Ware and Samer Musallam (for the Plaintiff), attorney Mary Louisa L'Hommedieu (for the Defendants) and a woman *who represented herself to be* Defendant, Shahnaz Ali.  The Court qualifies its reference to Ms. Ali because the Court discovered at the hearing that the woman who was in the courtroom claiming to be Shahnaz Ali was not the same woman who had previously appeared at defense counsel's office and executed the affidavit (of Shahnaz Ali) that the Defendants filed in support of their Motion for Relief.  *See* Doc. 26-2.[1]

At the hearing, among other things, the Court asked if Ms. Ali was aware that an affidavit had been filed in this case.  Ms. Ali answered "yes."  When the Court sought to confirm that she had in fact executed the affidavit in question (Doc. 26-2), Ms. Ali stated that she met attorney Mary Louisa L'Hommedieu, who had notarized the affidavit, for the first time in person just prior to the commencement of the hearing.  The Court then asked Ms. Ali who had impersonated her for the purpose of executing the affidavit.  Ms. Ali claimed not to know the identity of the imposter, and not to have directed, or required, anyone to act on her behalf; but she stated that the woman was "probably" someone who worked for her.  Ms. Ali could not offer a plausible explanation, however,

---

[1]      While the Court could not verify the woman's identity because she did not have any valid identification on her person, the woman who appeared at the hearing identified herself on the record as Defendant, Shahnaz Ali.  The Court assumes, therefore, that the woman who appeared was in fact Shahnaz Ali, though it cannot know that with certainty.

why a woman in her employ, <u>without direction</u>, would pretend to be Ms. Ali for the purpose of meeting with counsel to execute a *false* affidavit that ultimately would be submitted in support of the Defendants' efforts to evade default judgment.[2]

The Court made numerous inquiries in an effort to learn the identity of the imposter (*e.g.*, physical description) and directed Ms. Ali: (1) to learn the identity of the woman who executed the false affidavit; and (2) to file an affidavit within three business days disclosing the individual's identity.[3]

The Court also sought to determine whether, putting the affidavit aside, Ms. Ali could provide any reasonable explanation for her failure to appear for the show cause hearing, or even to answer the Plaintiff's complaint against her.  Her only response was, essentially, that she did not know it was "such a big deal."

## II.    DISCUSSION

With the foregoing background in mind, particularly those facts relating to the admitted filing by the Defendants of a false affidavit, the Court turns to its analysis of the pending motions.

### A.    Defendants' Motion for Relief from Default Pursuant to Civ.R. 55 and Response to Motion to Show Cause (Doc. 26).

The Defendants move the Court to set aside the clerk's entry of default under Federal Rule of Civil Procedure 55(c).  Under Rule 55(c), the Court may set aside the entry of default for "good cause shown."  FED. R. CIV. P. 55(c).  In making its "good cause" determination, courts consider

---

[2]    For further details, parties are referred to the hearing transcript.

[3]    Amazingly, Ms. Ali also did not apparently authorize the $8,000.00 payment that had been made to the Plaintiff's counsel after the second show cause order was issued.

three factors:

> (1)  whether culpable conduct of the defendant led to the default;
>
> (2)  whether the defendant has a meritorious defense; and
>
> (3)  whether the plaintiff will be prejudiced.

*Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006) (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

### 1.  Analysis of the "Good Cause" Factors.

It is incumbent upon this Court to analyze "good cause" for relief from the clerk's entry of default under the three-factor test identified above.  *See United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 846 (6th Cir. 1983); *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992) (noting that the district court must balance three factors in setting aside clerk's entry of default under Rule 55(c), while balancing is not appropriate in analyzing relief from default judgment under Rule 60).

For example, in *Berthelsen v. Kane*, 907 F.2d 617 (6th Cir. 1990), the Sixth Circuit held that the district court had abused its discretion by denying a motion for relief from default.  Analyzing the three factors, the Sixth Circuit found that the defendant's conduct was culpable, but that the other two factors favored granting relief.  *Id*. at 622.

The culpability factor favored default because the defendant "actively evaded service of process."  *Id*.  The meritorious defense factor ultimately favored granting relief because the nature of the contract dispute at issue was too ambiguous to resolve, and the law requires the court to construe the evidence in favor of the defendant.  *Id*. at 621.  With respect to the prejudice factor, the essence of the plaintiff's argument was that relief from default would delay the plaintiff's recovery.

Noting that "delay alone is not a sufficient basis for establishing prejudice," the Sixth Circuit found

that this factor favored the defendant. *Id.* (omitting internal quotations and citations). The Sixth

Circuit concluded:

> Notwithstanding the defendant's culpable behavior, we conclude that
> the entry of default and the default judgment must be set aside. As
> we stated at the beginning of our analysis, the defendant's culpability
> is only one of three factors which the court must consider when
> determining whether good cause exists to set aside the entry of
> default.

*Id.* at 622. *Berthelson*, therefore, demonstrates the importance of analyzing all three factors, as well

as the prevalence of the policy of favoring resolution on the merits in the Rule 55(c) context. *See*

*generally*, *id.*; *United Coin Meter*, 705 F.2d at 846.

Applying the three "good cause" factors to this case, the Court concludes that the Defendants

have *not* shown good cause to set aside the clerk's entry of default. This is especially true in light

of the Court's discovery at the November 19, 2007 that the principle piece of evidence submitted in

support of relief from default is an admittedly false affidavit.

### a.      *Culpable Conduct.*

The culpability factor turns on whether the petitioner, in this case the Defendants, deserve

equitable relief. *Mfrs.' Indus. Relations Assoc. v. East Akron Casting Co.*, 58 F.3d 204, 209 (6th Cir.

1995). "To be treated as culpable, the conduct of a defendant must display either an intent to thwart

judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings."

*Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 194 (6th Cir. 1986).

Here, the Defendants argued in their motion that their failure to comply with the Court's

orders and to adhere to the Court's schedule and deadlines was a result of misplaced reliance on a

disgruntled employee.  Specifically, the Defendants asserted that they had delegated the task of monitoring this lawsuit to an office employee – namely, Malvina Crowell.  They contended that, because Ms. Crowell assured them that the case was proceeding satisfactorily, they did not realize that they were not fully cooperating with the Court.  *See* Doc. 26-2.  They also specifically claimed that they had taken the steps necessary to comply with this Court's May 3rd Order by posting the required notice on their website, providing the Plaintiff with a customer list and paying the Plaintiff's attorneys $8,000.00 in fees.  Doc. 26 at p. 3.

Defendants' argument is not persuasive, however, for several reasons.  First, the Defendants' "it is somebody else's fault" argument is unavailing because Ms. Ali is a named defendant in this case and was personally served the Complaint and the Court's Orders.  She cannot, therefore, claim ignorance as to the importance of this case or the obligations she and her company had in connection with it.  Further, ceding total control of this lawsuit to an  office employee without meaningful oversight – if that is even what happened – is not a responsible approach to participation in federal litigation.  Defendants are ultimately responsible for their failure to attend to the proceedings in this case.  Their indifference has caused the Court, as well as the Plaintiff, to expend considerable time and resources on a Show Cause Hearing (which the Defendants did not attend), the issuance of an order contemplating various sanctions and now default proceedings.

Second, the veracity of the Defendants' claim that Ms. Crowell was "handling things" is suspect in any event because their former attorney, Mr. Sarkar, stated in his motion to withdraw that he attempted to work directly with the Defendants – nowhere, however, did he mention involvement by Ms. Crowell.  *See* Doc. 14.  The only employee with whom Mr. Sarkar claims to have communicated is a "Ms. Jones."

Finally, notwithstanding the foregoing, which alone justifies denial of the Defendants'

motion, the Court is now aware that the affidavit through which the Defendants purport to evidence

their "good faith" efforts is a false affidavit executed by someone other than Defendant Shahnaz Ali.[4]

As the Court noted at the hearing, culpable conduct such as that presented in this case, which now

includes admitted false statements to the Court, simply cannot be forgiven regardless of how lenient

the standards under Rule 55(c) arguably may be.  At an absolute minimum, therefore, it is clear that

the Defendants' conduct rises to a level of reckless disregard, and that their culpable conduct has

caused the default at issue here.

### b.      *Meritorious Defense*.

The Sixth Circuit employs a fairly low standard for satisfying the "meritorious defense"

factor, and considers the facts in the light most favorable to the Defendants.  *Berthelsen*, 907 F.2d

at 621.  "In order to establish a 'meritorious defense,' the defendant must state 'a defense good at

law' which is sufficient if it contains 'even a hint of a suggestion which, proven at trial, would

constitute a complete defense."  *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 434 (6th Cir.

1996) (quoting *INVST Fin. Group, Inc. V. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398-99 (6th Cir.

1987)).  However, "mere denial of the claims asserted in the complaint, and nothing more, does not

amount to even a 'hint of a suggestion' that the defendant can dispute the allegations in the

complaint."  *Smith v. Comm'r of Internal Revenue*, 926 F.2d 1470, 1480 (6th Cir. 1991).

---

[4]      Defendants' continued claim that they are proceeding in good faith is likewise
suspect given that the attorney who filed the Motion for Relief also seeks to
withdraw as counsel citing a breakdown in the attorney-client relationship.  *See*
Doc. 29.

Here, the Defendants simply dispute the facts alleged in the complaint.  Contrary to the facts

allegedly giving rise to the claims the Plaintiff alleges in the complaint, the Defendants contend that

they had a working business relationship with the Plaintiffs and that there is no evidence of customer

confusion.  Doc. 28 at p. 4.  Even construing the facts in the light most favorable to the Defendants,

the fact that a business relationship existed between the parties does not refute the Plaintiff's claims

that the Defendants abused that relationship.  Ultimately, the Defendants' purported "defense"is little

more than a blanket denial of the claims asserted against them.  Therefore, this factor favors denying

relief from default.

### c.       Prejudice to the Plaintiff.

The third factor for "good cause" under Rule 55(c) addresses whether granting the Motion

for Relief will result in prejudice to the Plaintiff.  Prejudice includes "tangible harms such as a loss

of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion."

*Thompson*, 95 F.3d at 433-34.  The Defendants' conduct to date, including that the Defendants'

attorneys have withdrawn from representation (or are now seeking to withdraw), strongly indicates

that the Defendants are not sincerely proceeding in good faith.  Obviously, this conclusion is

bolstered by the Defendants' submission of perjured testimony in the form of a false affidavit.

It is certainly a reasonable conclusion that granting relief from default to the Defendants

likely will only delay the seemingly inevitable result that the Plaintiffs ultimately will prevail *via* the

Defendants' failure to participate adequately, or at all, in these proceedings. The significant expense

the Plaintiff has incurred, and will continue to incur, is a tangible harm that likely will result in

sufficient prejudice to the Plaintiff.  This is true here given the unique circumstances presented in

this case, which include relatively straight-forward claims, despite the fact costs associated with

setting aside default are not generally sufficient to establish prejudice. *See Victoria's Secret Stores v. Artco Equip. Co.*, 194 F.Supp.2d 704, 719 (S.D. Ohio 2002).

### 2.    Defendants Have Not Established "Good Cause."

Accordingly, given the circumstances presented, the Court concludes that Defendants have not established "good cause," and their Motion for Relief is not well taken. In particular, the history of this case demonstrates the Defendants' reckless disregard for the Court's orders and proceedings. Moreover, the Defendants' proffering of perjured testimony in support of its request for relief from default cannot be rewarded by granting relief. The Defendants have demonstrated beyond a shadow of a doubt that they do not take these proceedings seriously.[5]

Accordingly, the Defendants have not met their burden of showing "good cause" to set aside the clerk's entry of default. *Defendants' Motion for Relief from Default* is **DENIED**.

### B.    Defendants' Motion for Leave to File Answer to the First Amended Complaint Instanter (Doc. 25).

In light of the Court's denial of relief from default, *Defendants' Motion for Leave to File Answer to the First Amended Complaint Instanter* (Doc. 25) is **DENIED as moot.**

### C.    Motion to Withdraw (Doc. 29).

On August 29, 2007, the law firm of Roth Bierman, LLP ("Roth Bierman"), and on behalf of each of its attorneys, filed a *Motion to Withdraw* (Doc. 29) as counsel for the Defendants.[6] Roth

---

[5]    Indeed, at the November 19th hearing, Plaintiff's counsel asserted that the Defendants' contention that they had provided the requested customer list is not wholly true – the list that they provided apparently is incomplete and possibly inaccurate.

[6]    Although Roth Bierman, LLP erroneously identifies itself as both "counsel of record to Defendants" and "Counsel for Plaintiff" in its *Motion to Withdraw* (Doc. 29), the record clearly demonstrates that Roth Bierman, LLP represents the

Bierman, LLP represents that it has complied with this Court's Local Rule 83.9 by providing the parties of record and its clients, the Defendants, with written notice prior to filing the motion. Doc. 29 at p. 1. As the basis of its motion to withdraw, Roth Bierman, LLP states: "This leave is requested as the attorney-client relationship has reached a point that the undersigned counsel can no longer represent Plaintiff[7] in this case." *Id*.

Upon full consideration of the parties' submissions, and for good cause shown, Roth Bierman's *Motion to Withdraw* (Doc. 29) is **GRANTED.**

## III.   CONCLUSION

Accordingly, for the foregoing reasons, as well as those articulated by the Court at the November 19, 2007 hearing, the following motions are resolved as follows:

• *Defendants' Motion for Leave to File Answer to the First Amended Complaint Instanter* (Doc. 25) is **DENIED**;

• *Defendants' Motion for Relief from Default Pursuant to Civ.R. 55 and Response to Motion to Show Cause* (Doc. 26) is **DENIED**; and

• *Motion to Withdraw* (Doc. 29) as counsel for Defendants filed by Roth Bierman LLP (and its attorneys) is **GRANTED**.

**FURTHER**, for the reasons articulated by the Court on the record at the November 19, 2007 hearing, the Court finds that the Plaintiff is immediately entitled to judgment <u>as to liability</u>. The Court will enter a separate entry in this regard. As orally instructed at the hearing, Plaintiff is **ORDERED TO FILE** evidence in support of damages **by no later than December 3, 2007** (*i.e.*,

_____

Defendants in this case.

7       *See* Footnote 6, *supra*.

two weeks from the date of the hearing).  Therewith, Plaintiff **SHALL FILE** a proposed judgment

entry relative to damages.  To the extent the Defendants wish to respond to the Plaintiff's

submission, they shall file a response **within two weeks from the date of the Plaintiff's filing** (*i.e.*,

at the latest, Defendants shall have until December 17, 2007 to respond).[8]

      **FURTHER**, as orally instructed at the hearing, Defendant Shahnaz Ali (now *pro se*) is

**ORDERED TO FILE** an affidavit identifying the individual who executed the May 17, 2007

affidavit filed in this case at Doc. 26-2 **within three (3) business days of the date of the hearing**.

If Shahnaz Ali cannot identify the above-referenced individual (with last-known addresses and

contact information), who she represented to the Court likely works for her, her affidavit shall

outline in detail the efforts she employed to determine the individual's identity and provide the

names and contact information of all who might possibly fit the descriptions of her imposter.

      For purposes of all future communications, Ms. Ali provided the following contact

information:

> Shahnaz Ali
> 2355 S. Green Rd.
> Beachwood, Ohio 44122
> (216) 382-3368

**IT IS SO ORDERED.**

                                      **s/Kathleen M. O'Malley**
                                      **KATHLEEN McDONALD O'MALLEY**
**Dated: November 21, 2007**            **UNITED STATES DISTRICT JUDGE**

---

[8]     In this regard, as the Court noted at the November 19th hearing and in its prior order (Doc. 30), the Defendants are reminded that a corporation may not appear before the Court *pro se*.